UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

D/F

**OPINION & ORDER**
**09 CR 00354 (SJF)(WDW)**

-against-

ROGER CORBIN,

                                                Defendant.
-------------------------------------------------------------X
FEUERSTEIN, J.

Before the Court is the motion of defendant Roger Corbin ("Defendant") seeking: (1) dismissal of the superseding indictment; or in the alternative, (2) an <u>in camera</u> review of the grand jury proceedings. For the reasons set forth herein, Defendant's motion is denied.

A.     Background

Defendant is currently serving as an elected member of the Nassau County Legislature. During an investigation, the government allegedly identified approximately two hundred twenty-six thousand dollars ($226,000) in payments made to Defendant by a real estate developer who had been awarded publicly-funded contracts by a town in Defendant's legislative district. According to the government, Defendant did not originally report any of the payments, made over a three (3) year period, on his personal income tax returns, although they were used for Defendant's personal benefit. (Gov't Letter In Opposition to Def.'s Motion to Dismiss the First

1

Superseding Indictment ("Gov't Letter") at 2.) Upon initial questioning by agents from the Federal Bureau of Investigation and the Internal Revenue Service, Defendant indicated that all or portions of the payments had passed to two (2) now-deceased individuals. (Id. at 2 n.1.)

On May 5, 2009, the United States of America filed a complaint and affidavit in support of an arrest warrant against Defendant for filing false tax returns and making a false statement to law enforcement agents. The following day, Defendant was arrested, arraigned and released on his own recognizance. On June 2, 2009, a grand jury returned a four (4) count indictment (the "Original Indictment"), charging Defendant with three (3) counts of knowingly making and subscribing false and fraudulent income tax returns, in violation of 26 U.S.C. § 7206(1), and one (1) count of making a materially false statement to law enforcement agents, in violation of 18 U.S.C. § 1001(a)(2).

In September or October, 2009, Defendant filed amended tax returns for the years 2005, 2006, and 2007, reporting the two hundred twenty-six thousand dollars ($226,000) that Defendant received from the real estate developer as income. The amended tax returns indicate that Defendant owes additional taxes of fifteen thousand, nine hundred two dollars ($15,902) for 2005, sixty-three thousand, four hundred thirty dollars ($16,430) for 2006, and thirteen thousand, five hundred ninety-six dollars ($13,596) for 2007. (Gov't Letter at 2.)

On November 12, 2009, a grand jury returned a superseding indictment (the "Superseding Indictment"), charging Defendant with three (3) additional counts of willfully attempting to evade or defeat taxes, in violation of 26 U.S.C. § 7201, for the years 2005, 2006, and 2007 (the "Tax Evasion Charges").

B.  Defendant's Motion to Dismiss the Superseding Indictment

Defendant seeks dismissal of the Superseding Indictment on the grounds that he is a victim of vindictive prosecution. Particularly, Defendant argues that "the Government is prosecuting Roger Corbin with the new superseding indictment because he has done what the law plainly allows him to do, therein, filing amended tax returns." (Def. Motion to Dismiss the Superseding Indictment ("Def. Mot." at 3.))

1.  Legal Standard

The decision "as to whether to prosecute generally rests within the broad discretion of the prosecutor," whose pretrial decision to prosecute is presumed to be legitimate. United States v. Alameh, 341 F.3d 167, 173 (2d Cir. 2003). See also United States v. White, 972 F.2d 16, 18-19 (2d Cir. 1992). Nevertheless, "a prosecution brought with vindictive motive, penalizing those who choose to exercise constitutional rights, [is] patently unconstitutional." United States v. Stewart, --- F.3d ----, 2009 WL 3818860, at *23 (2d Cir. 2009) (quoting United States v. Sanders, 211 F.3d 711, 716 (2d Cir. 2000)).

To establish a claim of prosecutorial vindictiveness, a defendant must demonstrate that "(1) the prosecutor harbored genuine animus toward the defendant . . . and (2) he would not have been prosecuted except for the animus." United States v. Koh, 199 F.3d 632, 640 (2d Cir. 1999) (citations omitted). Animus may be shown by "direct evidence of actual vindictiveness." White, 972 F.2d at 18. However, "'direct' evidence, such as evidence of a statement by the

3

prosecutor, . . . is available 'only in a rare case.'" United States v. Johnson, 171 F.3d 139, 140-41 (2d Cir. 1999) (quoting Goodwin, 457 U.S. at 380-81 nn. 12-13, 384 n. 19, 102 S.Ct. 2485, 73 L.Ed.2d 74).

In the absence of direct evidence, a defendant must demonstrate a "rebuttable presumption of a vindictive motive." White, 972 F.2d at 18 (citing Goodwin, 457 U.S. at 373, 384 n.19, 102 S.Ct. 2485, 73 L.Ed.2d 74). To establish a presumption of prosecutorial vindictiveness, the defendant must show that "the circumstances of a case pose a 'realistic likelihood' of such vindictiveness." Sanders, 211 F.3d at 717 (quoting United States v. King, 126 F.3d 394, 397 (2d Cir.1997)). Objective evidence that justifies the prosecutor's actions will overcome the presumption of prosecutorial vindictiveness. Goodwin, 457 U.S. at 367 n.8, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). Moreover, the Second Circuit has generally "limited the application of such a presumption to prosecutions brought after post-conviction activity of defendants." White, 972 F.2d at 19. See also United States v. Lopez, No. 02-1149, 60 Fed.Appx. 850, 854 (2d Cir. Mar. 11, 2003) (noting that there "is no presumption of prosecutorial vindictiveness when a prosecutor seeks a superseding indictment in a pre-trial setting"); Sanders, 211 F.3d at 717 (citing Koh, 199 F.3d at 639-40) (noting that "a presumption of vindictiveness generally does not arise in a pretrial setting").

2. Analysis

Defendant has failed to offer direct evidence of actual vindictiveness. Insofar as Defendant contends that the government's statements in a press conference demonstrate

4

vindictiveness, the statements merely stated the charges and provided background information. See Sanders, 211 F.3d at 717-18 (holding that a press release announcing criminal charges, a letter offered by government at sentencing, and a hearsay statement recounted on network news did not indicate that genuine animus motivated the decision to prosecute). Defendant also argues that the government's refusal to resolve the case civilly provides direct evidence of actual vindictiveness. However, even assuming, arguendo, a punitive purpose for declining to participate in a civil resolution, the government's "punitive motivation does not represent a constitutional violation." Paradise v. CCI Warden, 136 F.3d 331, 336 (2d Cir. 1998). See also Goodwin, 457 U.S. at 372-73, 102 S.Ct. 2485, 73 L.Ed.2d 74 (noting that the "presence of a punitive motivation . . . does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an impermissible response to noncriminal, protected activity).

Nor has Defendant identified circumstances that give rise to a presumption of prosecutorial vindictiveness. Defendant argues that "the Government could have charged Roger Corbin with tax evasion last spring based upon the allegations within the original indictment[,]" and its decision to charge Defendant after he filed amended tax returns indicates the existence of a realistic likelihood of vindictiveness. (Def. Mot. at 4.) However, a prosecutor is not required to include all possible charges in an indictment. See King, 126 F.3d at 399 (noting that the Second Circuit did not wish to encourage a standard that would encourage prosecutors to include all possible charges in an indictment). Instead, "the validity of a pretrial charging decision must be measured against the broad discretion held by the prosecutor to select the charges against the accused." Goodwin, 457 U.S. at 380 n.11, 102 S.Ct. 2485, 73 L.Ed.2d 74. Therefore, it was

5

within the government's discretion to delay bringing the Tax Evasion Charges until it believed that "it would be appropriate to charge [Defendant] with tax evasion counts in addition to the false filing charges." (Gov't Letter at 4.) See United States v. Lovasco, 431 U.S. 783, 791, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) (noting that "prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt").

Defendant further contends that the government brought the Superseding Indictment "in punishment of his good faith attempts to right a wrong he admitted" when he filed the amended tax returns. (Def. Mot. at 5; See also Def. Reply at 2 ("Mr Corbin [exercised] his right to file amended tax returns. Then he was prosecuted for doing so.")) However, the government states that "the amended returns actually provided the government with significant new evidence in the case -- evidence that clearly supported new charges." (Gov't Letter at 3-4 (noting that a tax evasion charge requires that "the government prove, inter alia, that the defendant actually owes a substantial amount in taxes").) Therefore, Defendant's filing of the amended tax returns provided new evidence of Defendant's criminal activity which motivated the government to bring the Superseding Indictment. As such, the presumption of vindictiveness does not arise. See United States v. Awan, 459 F.Supp.2d 167, 186 (E.D.N.Y. 2006) (quoting United States v. Esposito, 968 F.2d 300, 304 (3d Cir. 1992)) ("[W]hen the government 'brings another indictment supported by evidence against a defendant . . . [the government] is not levying punishment for a right exercised but rather for the crimes [the defendant] committed' and, without more, vindictiveness will not be presumed."). See also United States v. Johnson, 171 F.3d 139, 141 (2d Cir. 1999) (declining to find prosecutorial vindictiveness when the government possessed

evidence of the new crime but did not charge the defendant until after he had made a jury demand); United States v. Triumph, No. 3:02CR81, 2004 WL 1920352 (D. Conn. Aug. 24, 2004) (finding no evidence of prosecutorial vindictiveness after a superseding indictment added the charge of interfering with the administration of internal revenue laws to the original charge of aiding and abetting the filing of false income tax returns).

Finally, insofar as Defendant argues that vindictiveness is demonstrated by the government's filing of a motion requesting a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982), the government filed their motion after the grand jury returned the Superseding Indictment to avoid possible issues of conflict which could subsequently derail or delay the prosecution. As such, the government's request for a Curcio hearing was appropriate and does not establish that Defendant's "prosecution [was] brought with vindictive motive." Sanders, 211 F.3d at 716. Defendant has demonstrated neither direct evidence of actual vindictiveness nor circumstances raising a presumption of prosecutorial vindictiveness, and as such, his motion to dismiss the Superseding Indictment is DENIED.

C.   Defendant's Motion for an In Camera Review of the Grand Jury Proceedings

Defendant requests "an in camera inspection of the Grand Jury proceedings that returned the superseding indictment to establish whether the evidence presented to obtain an indictment on the new charges was available in May, 2009." (Def. Mot. at 4-5.)

1. Legal Standard

Grand jury proceedings "carry a presumption of regularity." United States v. Torres, 901 F.2d 205, 232 (2d Cir. 1990). As such, a defendant bears a "strong burden . . . in challenging the proceedings of the grand jury." United States v. Dzialak, 441 F.2d 212, 217 (2d Cir. 1971). See also United States v. Borello, 624 F. Supp. 150, 153 (E.D.N.Y. 1983) (noting that "there is a presumption of regularity which attaches to grand jury proceedings and the defendant bears the burden of proving any irregularity). The Second Circuit requires that a defendant make specific factual allegations of government misconduct before a district court permits a review of grand jury proceedings. Torres, 901 F.2d at 233 (noting that "a review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct"). See also United States v. Leung, 40 F.3d 577, 582 (2d Cir. 1994) ("A review of grand jury minutes should not be permitted without concrete allegations of Government misconduct.").

2. Analysis

The only alleged government misconduct Defendant offers to challenge the regularity of the grand jury proceedings is that the government had sufficient evidence to include the Tax Evasion Charges in the Original Indictment. (Def. Mot. at 4). However, the government is not required to bring all possible charges against the Defendant at the outset, and has discretion to delay bringing charges until the government is satisfied it has the evidence required to prove the charges beyond a reasonable doubt. See supra B.2. See also Paradise, 136 F.3d at 336 (holding

that a state's decision not to initially proceed on a capital felony charge was not a violation of defendant's due process). As Defendant has failed to demonstrate specific occurrences of government misconduct, his motion for an in camera review of the grand jury proceedings is DENIED.

D.  Conclusion

For the reasons stated herein, the motion of Defendant for: (1) dismissal of the Superseding Indictment; and (2) in the alternative, an in camera review of the grand jury proceedings is DENIED.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: December 1, 2009
Central Islip, New York